### HERTLEIN v. BUNDICK et al.

(Circuit Court of Appeals, Fourth Circuit. July 12, 1923.)

No. 2120.

Courts ⊜⇒322(1)—Federal court without jurisdiction where requisite diversity of citizenship is not alleged or shown.

    A judgment of a federal court, in an action in which its jurisdiction is dependent on diversity of citizenship, is without jurisdiction and will be reversed where the declaration does not allege such diversity and facts are not shown by the record from which it may be inferred.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Action at law by Edward Hertlein against George H. Bundick and others, partners as Bundick, Taylor & Corbin, Handy Company. Judgment for defendants, and plaintiff brings error. Reversed.

J. L. Mitchell, of Norfolk, Va., and H. W. Goodwyn, of Richmond, Va. (Levy & Mitchell, of Norfolk, Va., on the brief), for plaintiff in error.

S. James Turlington, of Accomac, Va., and James E. Heath, of Norfolk, Va., for defendants in error.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WADDILL, Circuit Judge, and WATKINS and WEBB, District Judges.

PER CURIAM. Upon the calling of this case, the defendants in error, by counsel, brought to the attention of the court the fact that the court was without jurisdiction to proceed with and hear and dispose of the same, because of the failure of the declaration to make the necessary averments as to the citizenship of the plaintiff; the cause being one in which the jurisdiction of the court was dependent upon diverse citizenship of the parties.

Whereupon, it appearing upon careful examination of the entire transcript of record, in the light of arguments of counsel thereon, that the necessary averments as to the citizenship of the parties is not made, nor facts shown from which such citizenship could be inferred, the court's conclusion is that the judgment of the lower court should be reversed, and the cause remanded to said court with directions to set aside the verdict and grant a new trial, with leave to the plaintiff to make application to that court for such amendment of the declaration as he may be advised to, showing the court's jurisdiction to entertain the suit as well in behalf of the plaintiff as against the defendants.

The costs of this court to be borne equally by the parties.

Reversed.